IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

GREATER BETHESDA MISSIONARY BAPTIST CHURCH, )
 )
 )
Plaintiff, )
 )
vs. ) CASE NO. 1:16-CV-3351
 )
PHILADELPHIA INDEMNITY INSURANCE COMPANY, )
 )
 )
Defendant. )

**DEFENDANT PHILADELPHIA'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Now comes Defendant, Philadelphia Indemnity Insurance Company ("Philadelphia"), by and through its attorneys, Clausen Miller P.C., and for its Answer to the Complaint of Plaintiff, Greater Bethesda Missionary Baptist Church ("Greater Bethesda"), states as follows:

**COUNT I**
**(Breach of Contract)**

1. At all times herein, Plaintiff, Greater Bethesda Missionary Baptist Church, is a not-for-profit corporation organized and existing pursuant to the laws of the State of Illinois and owns the property located at 109 E. 53rd Street, in Chicago, Illinois (hereinafter referred to as the "Insured Premises").

**ANSWER:** **Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.**

2. At all times herein, Defendant, Philadelphia Indemnity Insurance Company was a Pennsylvania corporation authorized to do business in the State of Illinois and is engaged in the business of issuing property insurance policies.

**ANSWER:** **Philadelphia admits the allegations contained in Paragraph 2.**

1559828.1

3.     Philadelphia issued to Plaintiff a Commercial Lines Policy, Policy Number PHPK1115564, effective from on or about December 28, 2013 to December 28, 2014 (hereinafter referred to as the "Policy"). A certified copy of the insurance policy is attached as Exhibit A.

**ANSWER:     Philadelphia admits the allegations contained in Paragraph 3.**

4.     Pursuant to the terms of the Policy, Philadelphia agreed to pay for a direct physical loss to Covered Property at the Insured Premises caused by or resulting from any Covered Cause of Loss.

**ANSWER:     Philadelphia admits that Greater Bethesda has referred to a portion of the Policy, which it has not quoted, and that, at all times, the Policy was subject to its terms, conditions, provisions, rights, definitions, limitations, exclusions, endorsements, and defenses.**

5.     On or about February 20, 2014, while the Policy was in full force and effect, the covered property at the Insured Premises suffered direct physical loss caused by or resulting from a covered cause of loss.

**ANSWER:     Philadelphia denies the allegations contained in Paragraph 5.**

6.     Plaintiff duly submitted a claim to Philadelphia under the Policy for the loss to the Insured Premises.

**ANSWER:     Philadelphia admits that Greater Bethesda submitted a claim under its Policy but denies that the claim was submitted timely.**

7.     On or about July 28, 2015, Philadelphia denied Plaintiff's claim. A copy of the denial letter is attached as Exhibit "B".

1559828.1

**ANSWER:** **Philadelphia admits the allegations contained in Paragraph 7.**

8. Plaintiff has substantially performed all conditions required by the Policy to be performed by it, including payment of premiums and cooperating with Philadelphia's investigation.

**ANSWER:** **Philadelphia denies the allegations contained in Paragraph 8.**

9. As a result, it is Philadelphia's duty to pay Plaintiff for all the losses and damages sustained to covered property at the Insured Premises.

**ANSWER:** **Philadelphia denies the allegations contained in Paragraph 9.**

10. Though requested to do so, to date Philadelphia has failed, refused and continues to fail and refuse to pay Plaintiff for the covered loss and damage to the Insured Premises.

**ANSWER:** **Philadelphia admits it has not paid Plaintiff but denies the remaining allegations contained in Paragraph 10.**

11. This breach of the insurance contract was and is the direct and proximate cause of loss to Plaintiff in the amount in excess of $50,000.

**ANSWER:** **Philadelphia denies the allegations contained in Paragraph 11.**

12. This is an action based on a "written instrument" within the meaning of the Illinois Insurance Act and, therefore, Plaintiff is entitled to prejudgment interest.

**ANSWER:** **The allegations in Paragraph 12 are legal conclusions to which no response is required but Philadelphia denies Plaintiff is entitled to prejudgment interest.**

3

1559828.1

## FIRST AFFIRMATIVE DEFENSE

1.    There was pre-existing water damage to the interior of the building located at 109 E. 53rd Street, Chicago, Illinois (Building), which had not been repaired at the time of the claimed loss on February 20, 2014.

2.    The pre-existing water damage to the Building is not covered.

3.    Further, Greater Bethesda has not separated out or segregated from its claim the pre-existing damage.

## SECOND AFFIRMATIVE DEFENSE

1.    Water entered the Building through loose, deteriorated, and cracked mortar and cracked bricks.

2.    The claimed water damage to the interior of the Building did not occur at one time on February 20, 2014.

3.    Rather, it occurred over time, including before the Policy began on December 28, 2013.

4.    There is no coverage under the Policy for damage that occurred before the Policy took effect.

## THIRD AFFIRMATIVE DEFENSE

1.    The Policy provided:

   **D.    LEGAL ACTION AGAINST US**

   No one may bring a legal action against us under this Coverage Part unless:

   **1.**    There has been full compliance with all of the terms of this Coverage Part; and

4

1559828.1

> **2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Policy, Commercial Property Conditions, D., p. 1 of 2.)

2. For the water damage that occurred to the Building more than two years before suit was filed, this action is not timely and, therefore, coverage is barred.

## FOURTH AFFIRMATIVE DEFENSE

1. The Policy provided this exclusion:

> \* \* \* \*

> **2.** We will not pay **"loss"** caused by or resulting from any of the following:

> \* \* \* \*

> **d.** **(1)** Wear and tear;

> **(2)** Rust, corrosion, fungus, decay, deterioration…

> \* \* \* \*

> **(4)** Settling, cracking, shrinking or expansion;

> \* \* \* \*

> But if **"loss"** by the **"specified causes of loss"** or building glass breakage results, we will pay for that resulting **"loss."**

(Policy, B. Exclusions, 2.d. (1), (2), (4), p. 3 of 11.)

2. The damage caused by water infiltrating through the worn and deteriorated mortar and brick is not covered. Additionally, corrosion to underlying metal in the plaster walls is not covered.

5

1559828.1

## FIFTH AFFIRMATIVE DEFENSE

1.      The Policy provided this limitation:

**C.      Limitations**

      **1.**      We will not pay for **"loss"** to:

\*   \*   \*   \*

        **c.**      The interior of any **"buildings"**, or to personal property in the **"buildings"**, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

          **(1)**      The **"buildings"** first sustain damage by a Covered Cause of Loss to their roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

          **(2)**      The **"loss"** is caused by or results from thawing of snow, sleet or ice on the **"buildings"**.

(Policy, C. Limitations, 1. c., p. 7 of 11.)

2.      The Building did not first sustain damage by a Covered Cause of Loss through which rain, snow, sleet, or ice entered.

3.      The damage to the Building was not caused by the thawing of snow, sleet, or ice on the Building.

4.      Therefore, no coverage under the Policy is provided.

## SIXTH AFFIRMATIVE DEFENSE

1.      The Policy provided the following:

**E.      Loss Conditions**

\*   \*   \*   \*

6

1559828.1

**3.** **Duties in the Event of Loss**

**a.** You must see that the following are done in the event of **"loss"** to Covered Property:

\* \* \* \*

**(2)** Give us prompt notice of the **"loss"**. Include a description of the property involved.

(Policy, E. Loss Condition, 3.a. (2), p. 16 of 24.)

2. For the loss allegedly occurring on February 20, 2014, Greater Bethesda did not provide notice until April 17, 2014.

3. This notice was not prompt, and, therefore, coverage is not provided under the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

1. After the claimed loss, water continued to flow into the interior of the Building for several days.

2. Greater Bethesda did not take adequate steps to prevent water from flowing into the interior or to remediate the damage.

3. Therefore, Greater Bethesda did not mitigate or reduce its damages.

Wherefore, Defendant, Philadelphia Indemnity Insurance Company, prays that judgment be entered in its favor and against the Plaintiff, Greater Bethesda Missionary Baptist Church, and that it be awarded its costs and disbursements incurred in this action.

Dated: March 22, 2016

By: /s/ *Mindy M. Medley*
James R. Swinehart
Mindy M. Medley
Kelly A. Jorgensen
Clausen Miller P.C.
10 South LaSalle Street

7

1559828.1

Chicago, Illinois 60603-1098
Email: jswinehart@clausen.com
      mmedley@clausen.com
      kjorgensen@clausen.com
Tel: (312) 855-1010
Fax: (312) 606-7777
Counsel for Defendant, Philadelphia Indemnity
Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2016, a copy of the foregoing **Defendant Philadelphia's Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ *Mindy M. Medley*
Mindy M. Medley

8

1559828.1